UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM E. NICHOLS, III an individual ) ) ) | |
| Plaintiff, ) ) | |
|  ) | Civil Action No.: |
| v. ) ) | |
| CACH, LLC, a corporation; ) LAW OFFICE OF JOE PEZZUTO, ) LLC, a corporation, ) ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendants states as follows:

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Telephone Consumer Protection Act[2], 47 U.S.C. § 227 ("TCPA"), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.
[2] Any reference to the TCPA or any part thereof encompasses all relevant parts and subparts thereto.

## **RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS**

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.
(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## **PARTIES**

3. Plaintiff William Nichols, III (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant CACH, LLC, ("Defendant" or "CACH[3]") is a foreign company and is a debt collector under the FDCPA that engages in the business of debt collection. It conducts business in this Judicial District. Its principal place of business is in Denver and it is incorporated in Colorado.

5.  Defendant LAW OFFICE OF JOE PEZZUTO, LLC, ("Defendant" or "Pezzuto[4]") is a foreign company (law firm) and is a debt collector under the FDCPA that engages in the business of debt collection. It conducts business in this Judicial District. Its principal place of business in Arizona and it is incorporated in Arizona.

6.  Pezzuto, a debt collector, has at all times acted as the debt collector for CACH, which is also a debt collector under the FDCPA, and CACH has acted as the debt collector for Pezzuto. As all acts of one Defendant are also the responsibility of the other Defendant, both Defendants will be referred to collectively as "Defendants."

## VENUE

7.  Venue is proper in this Court as Plaintiff is a resident citizen of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

---

[3] "CACH" or "Defendant" means CACH directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.
[4] "Pezzuto" or "Defendant" means Pezzuto directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

## **STATEMENT OF FACTS**

8. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The alleged debt at issue related to a HSBC Bank Nevada, N.A. account.

10. Defendants claim to be collectors on this debt.

11. Plaintiff has received numerous harassing and abusive phone calls from Defendants.

12. These calls have been collection calls.

13. The calls have been illegal, harassing, and abusive.

14. Plaintiff's father has received numerous calls and letters from Defendants on this alleged debt of Plaintiff.

15. The third party calls to Plaintiff's father have revealed that an alleged debt is owed to Defendants.

16. Plaintiff's father has told Defendants not to call him as he has nothing to do with this debt.

17. Defendants know Plaintiff's father has nothing to do with this debt.

18. These calls to Plaintiff's father were not for the purpose of obtaining location information as defined by the FDCPA.

19. These calls to Plaintiff's father have been harassing to Plaintiff's father and Plaintiff.

20. Defendants have demanded that Plaintiff's father pay Plaintiff's alleged debt.

21. Defendants have threatened to credit report Plaintiff's alleged debt on Plaintiff's father's credit report.

22. Defendants know that by calling third parties, including family, this will cause embarrassment and will harass Plaintiff.

23. These calls have been designed to insult and humiliate Plaintiff.

24. Defendants' calls have been with the purpose and design to harass Plaintiff or to abuse Plaintiff and such calls have been successful.

25. Some of Defendants' calls have been made illegally to Plaintiff's cell phone in violation of the TCPA as they were made by an auto dialer and/or with a pre-recorded or machine generated message.

## Remaining Factual Allegations Against Defendants

26. Defendants have misrepresented the debt to Plaintiff.

27. This includes the amount of the debt.

28. This includes the legal status of the debt.

29. Defendants have threatened to take action Defendants know is illegal for Defendants to take.

30. The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)).

31. Plaintiff is a "consumer" as defined by the FDCPA (§1692 a(3)).

32. Defendants are "debt collectors" as defined by the FDCPA (§1692 a(6).

33. The primary business of Defendants is in collecting the debts owed to another.

34. When each Defendant first received the alleged debt, the alleged debt was in default.

35. Defendants refused to give Plaintiff all required notifications and disclosures under the FDCPA.

36. Defendants have illegally contacted Plaintiff on his cell phone on multiple occasions.

37. The conduct of the Defendants have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

38. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, the TCPA and state law.

39. Defendants know their conduct is wrong but they have chosen to conduct themselves in this wrongful manner as a matter of corporate policy.

40. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' employment, agency or representation.

41. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, the TCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA, the TCPA and/or state law.

42. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to their collection activities and as such Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

43. Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection

employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

44. Defendant Pezzuto has no attorneys licensed in Alabama yet it is conducting the practice of law in Alabama against Alabama residents such as Plaintiff.

45. Defendant Pezzuto is not registered to do business in Alabama.

46. Defendant Pezzuto is engaged in the illegal unauthorized practice of law in Alabama and such conduct has directly harmed Plaintiff.

## SUMMARY

47. All of the above-described collection activities made to Plaintiff by Defendants were made in violation of the FDCPA, including (but not limited to) §§1692b(1), 1692b(2), 1692b(3), 1692c(b),1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

48. The above-detailed conduct by the Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

49. Defendants violated the TCPA with its calls to Plaintiff's cell phone.

50. This series of abusive collection actions by Defendants caused Plaintiff stress and anguish.

51. Defendants' attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

52. Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

53. Defendants negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§1692b(1), 1692b(2), 1692b(3), 1692c(b),1692d, 1692d(2),

1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

56. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

57. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

58. Defendants have repeatedly and illegally called Plaintiff's cell phone in violation of the TCPA by calling with auto dialers and pre-recorded or machine generated messages.

59. There is no exception or justification for the numerous violations of the TCPA by Defendants as Plaintiff has not consented to the Defendants to use these against Plaintiff's cell phone.

60. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendants in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that

the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

61. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

62. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.

## INVASION OF PRIVACY

63. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

64. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

65. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

66. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

67. Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

68. Defendants also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

69. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

70. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

71. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

72. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

73. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

74. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

75. Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

76. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

77. The conduct of Defendants, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

78. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendants in their campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

79. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

80. All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT IV.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

81. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

82. Defendants' collectors are allowed and encouraged to break the law in order to collect debts.

83. This includes all of the violations of the law described in this Complaint.

84. Defendants are aware of the wrongful conduct of their collectors.

85. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

86. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

87. Defendants had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

88. Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

89. Defendants acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

90. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

91. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

92. Defendants acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

93. Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

94. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

95. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT VI.

## UNAUTHORIZED PRACTICE OF LAW

96. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

97. Defendants CACH and Pezzuto, by and through the actions of Pezzuto, constitute the unauthorized practice of law in Alabama.

98. The collection law firm of Pezzuto has no Alabama licensed attorney.

99. Despite this fact, it has sent multiple collection letters, on its letterhead, to Plaintiff and Plaintiff's father.

100. Defendants have made multiple threatening and abusive calls into Alabama on this debt to Plaintiff and Plaintiff's father.

101. Defendant Pezzuto, and its principal (Defendant CACH), have no right to conduct the practice of law in Alabama.

102. This was an intentional act.

103. Plaintiff claims all damages allowable under the law.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims

more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

_____
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

CACH, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Law Office of Joe Pezzuto, LLC
c/o Joseph J. Pezzuto, II
4013 E Broadway Rd, Suite A2
Phoenix, AZ 85040